UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HASSEH EL BEY**, <br><br> Plaintiff, <br><br> v. <br><br> **WARREN KENNETH PAXTON, JR.,** *et al.*, <br><br> Defendants. | Case No. 1:20-cv-02055 (TNM) |

## MEMORANDUM ORDER

Plaintiff Hasseh El Bey, proceeding *pro se*, seeks money damages and injunctive relief against Warren Kenneth Paxton, the Attorney General of Texas; Christopher Lee Lindsey, an Assistant Attorney General of Texas; the Office of the Texas Attorney General; and Does 1–10 ("Defendants"). The Court ordered El Bey to show cause why this action should not be transferred to the Northern District of Texas, as it appears his claims arose almost exclusively from conduct alleged to have occurred there. Upon consideration of El Bey's filings and the relevant law, the Court will transfer the case.

### I.

El Bey explains that his "action arises from [a] One Million Dollar unpaid invoice claim for damages" issued to Paxton "for the damages caused by" him "impersonating a public servant, an officer of the United States and a revenue agent." Compl. ¶ 2, ECF No. 1. He seems to argue that Defendants have engaged in the unauthorized practice of law and have impersonated public officials. *See, e.g., id.* at 4, 6.[1] The Complaint raises claims of tortious interference with

---

[1] All page citations refer to the page numbers that the CM/ECF system generates.

performance of a contract and violations of 15 U.S.C. § 1. *See* Compl. ¶¶ 29–55. Additionally, El Bey cites 42 U.S.C. § 1983 and 18 U.S.C. § 242 and references alleged violations of constitutional rights. *See id.* ¶¶ 26, 28.

El Bey's Complaint admits that "[a]ll acts necessary to the bringing of this lawsuit occurred or accrued in the United States district court of northern Texas division." *Id.* ¶ 9. His claims appear to have arisen from conduct that allegedly occurred in a separate judicial proceeding—against Paxton and many other defendants—in the Northern District of Texas, Amarillo Division, which is currently on appeal. *See, e.g., id.* at 3–6; Notice of Appeal ("*El Bey I* Notice of Appeal"), *El-Bey v. Dominguez*, 2:20-cv-00073-Z-BQ (N.D. Tex. Jan. 29, 2021) ("*El Bey I*"), ECF No. 124.[2] In fact, El Bey filed a notice of related case here, specifying that this suit "grows out of the same event or transaction" and "is filed by the same pro se litigant" as the Northern District case. *See* Notice of Related Case at 1, ECF No. 2.

When El Bey failed to serve Defendants according to Federal Rule of Civil Procedure 4(m) in this case, the Court dismissed the action. *See* Order (Oct. 29, 2020), ECF No. 5. The Court later granted El Bey's motion for reconsideration and reopened the case, even though he filed proof of service five days late. *See* Min. Order (Nov. 6, 2020).

When Defendants failed to appear, the Clerk of the Court entered default. *See* Clerk's Entry of Default, ECF No. 9. El Bey then moved for default judgment. *See* Mot. for Default J., ECF No. 10. In that motion, he asked the Court to (1) restrain Defendants from engaging in the unauthorized practice of law, (2) remove Defendants from their offices, and (3) order damages of

---

[2] In that case, El Bey alleges violations of his constitutional rights at a traffic stop and his subsequent arrest—all of which occurred in Texas. Compl. ("*El Bey I* Compl.") at 1–4, *El-Bey I*, ECF No. 3.

2

$3 million, as well as litigation costs.  Pl.'s Aff. in Supp. of Mot. for Default J. at 1–2, ECF No. 10-1.

The Court issued an order directing El Bey to show cause "why this action should not be transferred to the Northern District of Texas, Amarillo Division."  Order to Show Cause (Jan. 5, 2021) at 2, ECF No. 11.  The Court noted that the Complaint stated the conduct underlying his suit occurred in Texas and that his claims seemed to have arisen from a related action in the Northern District.  *See id.* at 1.  El Bey responded to the Court's order.  Pl.'s Resp. to Order to Show Cause ("Pl.'s Resp."), ECF No. 12.[3]  With the benefit of El Bey's response, the Court now considers whether a transfer is appropriate.

## II.

The transfer statute allows a district court to "transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  In considering whether a case should be transferred, courts undertake a two-step process.  First, the Court determines whether venue is proper in the transferee court—the district where the case "might have been brought."  *Id.*  If it is, the Court then weighs "a number of case-specific factors" to decide whether a transfer is warranted.  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *see also Aftab v. Gonzalez*, 597 F. Supp. 2d 76, 80 (D.D.C. 2009) (stating that courts use their "broad discretion to balance" these factors).  Courts may transfer an action sua sponte under 28 U.S.C. § 1404(a).  *See Montgomery v. Barr*, --- F. Supp. 3d ---, No. 1:20-cv-03214-TNM, 2020 WL

---

[3] El Bey attached to his response what appear to be filings in the Northern District of Texas action, *see, e.g.*, Pl.'s Exs. at 1–19, ECF No. 12-1, orders issued by a Nevada court (including a search warrant), *see, e.g.*, *id.* at 20–23, as well as documents that appear to be from a Texas state criminal case against El Bey, *see, e.g.*, *id.* at 34–36.

6939808, at *9 (D.D.C. Nov. 25, 2020); *see also Starnes v. McGuire*, 512 F.2d 918, 934 (D.C. Cir. 1974) (en banc).

The Court is mindful that El Bey is proceeding *pro se* and construes his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III.

The Court considers (A) whether this case could have been brought in the Northern District of Texas and (B) whether the private- and public-interest factors favor transfer.

### A.

The general federal venue statute provides that "[a] civil action may be brought in": (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)

Here, "a substantial part of the events or omissions giving rise to" El Bey's claims occurred in the Northern District of Texas. *Id.* § 1391(b)(2). Indeed, they relate to a judicial case there that is now on appeal. *See, e.g.*, Compl. at 3–4 (arguing, among other things, that Defendants "submitted documents to the court without signing under penalty of perjury," "fil[ed] documents under various fictitious names," and "respond[ed] to plaintiff's original complaint

4

without firsthand knowledge about the facts of record"); *El Bey I* Notice of Appeal. El Bey could have brought this case in the Northern District.[4]

### B.

The Court next addresses (1) the private-interest factors, and (2) the public-interest factors.

### 1.

Private-interest factors include the parties' choices of forum, where the claim arose, the convenience of the parties and witnesses, and "the ease of access to sources of proof." *Spotts v. United States*, 562 F. Supp. 2d 46, 52 (D.D.C. 2008). These factors support transfer.

El Bey has chosen this District as his forum, and a plaintiff's choice of forum is typically entitled to deference. *See Douglas v. Chariots for Hire*, 918 F. Supp. 2d 24, 31 (D.D.C. 2013). But "less deference is appropriate if the plaintiff is not a resident of the forum," and "the relevant events occurred" in the transferee district. *Montgomery*, 2020 WL 6939808, at *10. El Bey's address of record is in Nevada. *See* Compl. at 1. And as shown below, there are also no meaningful ties between the District and El Bey's suit. His choice of forum, then, weighs only slightly in favor of a transfer.

---

[4] In fact, the District of Columbia might not have been a proper place for El Bey to sue. Defendants do not reside here, the relevant conduct did not occur here, and El Bey has alleged no facts connecting Defendants to the District that would establish personal jurisdiction. Because Defendants have defaulted, however, some authority suggests that any objection to improper venue is waived and that transfer under 28 U.S.C. § 1406(a) would be inappropriate. *See* 14D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3829 (4th ed. 2021) (stating that "a court should never raise the issue [of defective venue] after the defendant has waived any venue objection" and that "a defendant waives a venue objection by defaulting"). The Court therefore assumes that venue is proper here but determines that a discretionary transfer under 28 U.S.C. § 1404(a) is appropriate.

None of the events underlying El Bey's Complaint occurred in the District of Columbia. They occurred in Texas. The allegations in his Complaint concern litigation conduct in his related action in federal court there. *See, e.g.*, Compl. at 3–6. And that case is apparently based on alleged violations of El Bey's constitutional rights at a traffic stop and susbequent arrest, which also took place in Texas. Compl. ("*El Bey I* Compl.") at 1–4, *El-Bey I*, ECF No. 3. "When the material events that form the factual predicate of a plaintiff's claim did not occur in his chosen forum, transfer is favored." *Chariots for Hire*, 918 F. Supp. 2d at 32.

The Complaint mentions that former Attorney General William Barr was "notified of the invoice claim for damages given to" Paxton, *see* Compl. ⁋ 12, but Barr is not a defendant. El Bey also suggests that the Defendants "use United States post office for blocking [a] trial by jury" and that they send mail "through the United States Postal Service [that] travels state lines of commerce between Texas and Nevada." Pl.'s Resp. at 1. If El Bey is relying on the U.S. Postal Service's headquarters in the District simply because his case involved mail, the Postal Service—like Barr—is not a defendant here.

And even if Barr and the Postal Service were defendants, "that is not enough to anchor venue here." *Montgomery*, 2020 WL 6939808, at *8 (cleaned up). If "the only real connection the lawsuit has to the District of Columbia is that a federal agency headquartered here is charged with generally regulating and overseeing the administrative process, venue is not appropriate in the District of Columbia." *Al-Ahmed v. Chertoff*, 564 F. Supp. 2d 16, 19 (D.D.C. 2008) (cleaned up); *see also Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993) (explaining that courts in this District must "guard against . . . manufacture[d] venue," which can result from a plaintiff "naming high government officials as defendants" in a suit "that properly should be pursued elsewhere").

In response to the Court's order to show cause, El Bey did not connect himself, Defendants, or the alleged events to the District. El Bey suggests only that "Defendants' jurisdiction is the District of Columbia," "Court venue is correct," and "[t]ransferring the case out of this honorable district court is not appropriate here." Pl.'s Resp. at 1–2. In fact, his response confirms that the relevant events arose in Texas. *See, e.g.*, *id.* at 1 (referencing conduct by a judge in the "North District of Texas"); *id.* ("Northern District of Texas is concealing moving papers from court records"); *id.* (referring to a criminal and civil case pending in the Northern District of Texas); *id.* at 2 (arguing that his attachments "shows the prejudice and concealment by [the] Northern District of Texas court"). That El Bey's claims arose in Texas weighs strongly in favor of transfer.

The Northern District of Texas would also likely be a more convenient forum and litigating this case there would provide easier access to sources of proof and evidence. Although Defendants have not appeared, all Defendants reside in Texas according to El Bey's Complaint. *See* Compl. ¶¶ 5–8. Because Defendants reside in Texas, and all pertinent events occurred in Texas, relevant documents and witnesses are likely to be found there. "When claims arise within a geographic district, that district is more likely to be convenient for potential witnesses and more likely to house evidence." *Wolfram Alpha LLC v. Cuccinelli*, 490 F. Supp. 3d 324, 333 (D.D.C. 2020).

Although El Bey does not appear to reside in Texas, the Court notes that he has actively litigated a case before the district court (and now, the court of appeals) there. *See El Bey I* Compl.; *El Bey I* Notice of Appeal. And Texas is closer geographically to his home state of Nevada than the District of Columbia. El Bey will have easier access to evidence in Texas too, as that is where his claims arose. *See Wolfram Alpha*, 490 F. Supp. 3d at 333. The Court finds

7

that it would therefore not be inconvenient for El Bey to litigate this case in the Northern District of Texas. *Cf. Treppel v. Reason*, 793 F. Supp. 2d 429, 437 (D.D.C. 2011) ("Plaintiff is a citizen of California, and he made clear his willingness to forego the convenience of a geographically nearby forum when he filed this suit in the District of Columbia." (cleaned up)).

In sum, "[t]he District of Columbia has no connection whatsoever to the facts of this case." *Galindo v. Gonzales*, 550 F. Supp. 2d 115, 117 (D.D.C. 2008). El Bey's claims arose in Texas and it will be more convenient for the parties and witnesses for the case to be litigated there, especially given that relevant evidence is likely to be located where the claims arose. These factors all weigh heavily in the Court's decision to transfer.

## 2.

Public-interest factors include the transferee court's familiarity with governing law, the relative congestion within the transferor and transferee courts, and "the local interest in deciding local controversies at home." *Spotts*, 562 F. Supp. 2d at 52–53. These factors likewise favor a transfer here.

The first two considerations do not factor heavily into the Court's analysis. El Bey appears to raise at least some federal claims, *see, e.g.*, Compl. at 5, and federal courts are presumed "equally familiar" with federal law, *Chauhan v. Napolitano*, 746 F. Supp. 2d 99, 105 (D.D.C. 2010). If El Bey's Complaint can be construed to raise any supplemental state law tort claims, it is likely that Texas law would apply. *See, e.g.*, Compl. at 7 (citing the "Restatement (Second) of Torts"); Pl.'s Resp. at 1 (referring to a "tort claim [for] which defendants are individually liable"). The Court acknowledges that "[f]ederal courts today . . . are often called upon to apply state laws, especially on common legal issues." *Thayer/Patricof Educ. Funding, LLC v. Pryor Res., Inc.*, 196 F. Supp. 2d 21, 36 (D.D.C. 2002). That said, in cases involving

federal law that may also involve interpreting state law, "[t]he public interest is best served by having a case decided by the federal court in the state whose laws govern the interests at stake." *Winmar Constr., Inc. v. JK Moving & Storage, Inc.*, 291 F. Supp. 3d 88, 94 (D.D.C. 2018) (cleaned up). That factor, then, would weigh slightly in favor of transfer.

The Court has not been presented with, and will not consider, the relative congestion of courts in the Northern District of Texas and the District of Columbia. That factor is therefore neutral. But even if the Northern District is more congested that this district, that alone would not outweigh the other factors under consideration.

The third factor, though, weighs strongly in favor of a transfer. "[T]here is undoubtedly a local interest in deciding local controversies at home." *Montgomery*, 2020 WL 6939808, at *8 (cleaned up). Courts often look to "where a clear majority of the operative events took place" to decide "where a case should be adjudicated." *Treppel*, 793 F. Supp. 2d at 439–40 (cleaned up). El Bey's Complaint here rests almost entirely on judicial proceedings in the Northern District of Texas. *See* Compl. at 3–6. And that action, in turn, relates to alleged constitutional violations that also occurred in Texas. *See El Bey I* Compl. at 1–4. In a case like this one, where all events underlying an action occurred elsewhere, it makes little sense for a District of Columbia court to handle this case.

\*    \*    \*

In sum, the Court determines that transfer is appropriate. All Defendants are in Texas, all actions prompting this suit allegedly took place in the Northern District of Texas, and this suit relates to an action just recently pending in that district's Amarillo Division. The Court also finds it appropriate to leave El Bey's motion for default judgment for the transferee court to decide. *Cf. Abramoff v. Shake Consulting, LLC*, 288 F. Supp. 2d 1, 6 n.5 (D.D.C. 2003)

9

("Because the court determines that venue is not proper in the District of Columbia, it must leave the question of defendant Shake's default to the sound discretion of its sister court in the Southern District of Florida.").

## IV.

For all these reasons, the case will be transferred. It is hereby **ORDERED** that the Clerk of Court shall transfer this matter to the United States District Court for the Northern District of Texas. It is **FURTHER ORDERED** that the Clerk of Court close this case.

**SO ORDERED.**

Dated: April 26, 2021                                   TREVOR N. McFADDEN, U.S.D.J.